# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-727V
**Filed: December 7, 2015**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *
MICHAEL SCHLAAK, on behalf of the  \*
minor child, J.N.S.,                \*
       Petitioner,   \*    Joint Stipulation on Damages;
                   \*    Measles-Mumps-Rubella ("MMR")
                   \*    Vaccination; Idiopathic
SECRETARY OF HEALTH        \*    Thrombocytopenia Purpora ("ITP");
AND HUMAN SERVICES,         \*    Special Processing Unit ("SPU")
                   \*
       Respondent.  \*
                   \*
* * * * * * * * * * * * * * * * * * * * * * * * * *

*Jarrod J. Papendorf, Menn Law Firm, Ltd., Appleton, WI, for petitioner.*
*Julia Wernett McInerny, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

    On August 11, 2014, petitioner filed a petition for compensation, on behalf of his minor child, J.N.S., under the National Vaccine Injury Compensation Program. 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act"]. Petitioner alleges that J.N.S. suffered an idiopathic thrombocytopenia purpura ["ITP"] as a result of J.N.S's measles-mumps-rubella ["MMR"] vaccination on July 28, 2011. Petition at 1; Stipulation, filed December 4, 2015, ¶¶ 2, 4. Petitioner further alleges that J.N.S. experienced the residual effects of this injury for more than six months, and that neither petitioner, nor any other party has filed any other action or received compensation for this injury. Petition, ¶¶ 12, 14-15; Stipulation, ¶¶ 4-5. "Respondent denies that J.N.S suffered ITP or any other injury as the result of his July 28, 2011 MMR vaccination, and denies that J.N.S. experienced the residual effects of this injury for more than six months." Stipulation, ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on December 4, 2015, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $75,000.00 in the form of a check payable to petitioner as guardian/conservator of J.N.S.'s estate**. Stipulation, ¶ 8. This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a). *Id*.

The undersigned approves the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHAEL SCHLAAK, on behalf of the Minor Child, J.N.S., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 14-727V <br> ECF <br> Chief Special Master Dorsey |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Michael Schlaak, as parent and natural guardian of the minor child, J.N.S., ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to J.N.S.'s receipt of the measles-mumps-rubella ("MMR") vaccination, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. J.N.S. received his MMR vaccination on July 28, 2011.

3. The vaccination was administered within the United States.

4. Petitioner alleges that J.N.S. suffered idiopathic thrombocytopenia purpura ("ITP"), and other adverse injuries as a result of the vaccine, and that J.N.S. experienced the residual effects of these injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on J.N.S.'s behalf as a result of his condition.

6. Respondent denies that J.N.S. suffered ITP or any other injury as the result of his July

28, 2011 MMR vaccination, and denies that J.N.S. experienced the residual effects of this injury for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $75,000.00 in the form of a check payable to petitioner as guardian/conservator of J.N.S.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)(1)(A).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the

availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of J.N.S. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of J.N.S.'s estate under the laws of the state of Wisconsin. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of J.N.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of J.N.S. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of J.N.S. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as legal representative of J.N.S., on behalf of himself, J.N.S., and J.N.S.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq.,

3

on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of J.N.S. resulting from, or alleged to have resulted from the MMR vaccination administered on July 28, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about August 11, 2014, in the United States Court of Federal Claims as petition No. 14-727V.

15. If J.N.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR vaccine caused J.N.S.'s ITP or any other injury; that J.N.S.'s current disabilities are sequelae of any alleged vaccine injury; or that J.N.S. experienced the residual effects of this injury for more than six months.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of J.N.S.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

_(signed) Michael Schlaak 10-27-15_

MICHAEL SCHLAAK

ATTORNEY OF RECORD FOR
PETITIONER:

JARROD J. PAPENDORF
MENN LAW FIRM
2501 e. Enterprise Avenue
P.O. Box 785
Appleton, WI 54912-0785
(920) 731-6631

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 12·4·15

ATTORNEY OF RECORD FOR
RESPONDENT:

JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

6